# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>DRAKAINA LOGISTICS, et al.,<br><br>Defendants. | Case No. 1:21-cv-01436-JLT-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE**<br><br>(Doc. 6)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On September 28, 2021, Plaintiff Prince Paul Raymond Williams, proceeding *pro se*, filed a complaint. (Doc. 1.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on September 30, 2021. (Docs. 2 & 3.) On October 14, 2021, before the Court screened the initial complaint, Plaintiff filed a First Amended Complaint as a matter of course, *see* Fed. R. Civ. P. Rule 15(a)(1). (Doc. 4.)

On January 3, 2022, the undersigned issued a screening order finding that Plaintiff failed to state a claim upon which relief may be granted and granted Plaintiff twenty-one days leave to file a second amended complaint curing the pleading deficiencies identified in the order.[1]  (Doc. 6.) Although more than the allowed time has passed, Plaintiff has failed to file a second amended complaint or otherwise respond to the Court's screening order.  (*See* Docket.)

---

[1] On January 27, 2022, the Court granted Plaintiff until February 22, 2022, to file a second amended complaint, as Plaintiff had not been served with the screening order when it was issued on January 3, 2022.  (*See* Doc. 9.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's screening order by not filing a second amended complaint within the specified period of time and for failure to prosecute his case.** Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal. The undersigned further CAUTIONS Plaintiff that, if he fails to take action within twenty-one (21) days of the date of service of this order, the undersigned will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Clerk of Court is DIRECTED to send a copy of this order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **March 3, 2022**                        /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE