# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DRAKAINA LOGISTICS, et al.,<br><br>　　　　　　　　　Defendants. | Case No.  1:21-cv-01436-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE**<br><br>(Doc. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

On September 28, 2021, Plaintiff Prince Paul Raymond Williams, proceeding *pro se*, filed a complaint. (Doc. 1.)  Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on September 30, 2021. (Docs. 2 & 3.)  On October 14, 2021, before the Court screened the initial complaint, Plaintiff filed a First Amended Complaint as a matter of course, *see* Fed. R. Civ. P. Rule 15(a)(1).  (Doc. 4.)

On January 3, 2022, the undersigned issued a screening order finding that Plaintiff failed to state a claim upon which relief may be granted and granted Plaintiff twenty-one days leave to file a second amended complaint curing the pleading deficiencies identified in the order.[1]  (Doc. 6.) Plaintiff failed to file a second amended complaint by the deadline, and on March 3, 2022, the Court ordered Plaintiff to show cause ("OSC") why the action should not be dismissed for his failure to

---

[1] On January 27, 2022, the Court granted Plaintiff until February 22, 2022, to file a second amended complaint, as Plaintiff had not been served with the screening order when it was issued on January 3, 2022.  (*See* Doc. 9.)

comply with the Court's screening order and for failure to prosecute this case.  (Doc. 10.)  Plaintiff was warned in both the screening order and the OSC that the failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action.  (*Id.  See also* Doc. 6.)  Plaintiff has not yet filed any response, and the time to do so has passed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the screening order and the OSC, there is no alternative but to dismiss the action for his failure to obey court orders and failure to prosecute.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| | |
|---|---|
| Dated:   **April 4, 2022** | /s/ *Sheila K. Oberto*  .   |
| | UNITED STATES MAGISTRATE JUDGE |